UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARSHA DAVIS**,

    Plaintiff,

v.

**WAYNE COUNTY, BENNY N. NAPOLEON and
WAYNE COUNTY SHERIFF'S DEPARTMENT**,

    Defendants.

Case No. 2:17-cv-12113

Hon. Robert H. Cleland
Magistrate Judge R. Steven Whalen

_____/

| | |
|---|---|
| JEFFREY S. BURG (P38381) <br> Law Offices Jeffrey S. Burg, Esq. <br> 30700 Telegraph Road, Ste. 1675 <br> Bingham Farms, MI  48025 <br> (248) 227-5027 <br> (248) 856-1258 (Fax) <br> jburg@comcast.net | WAYNE COUNTY CORPORATION COUNSEL <br> Cheryl Yapo (P55682) <br> Principal Attorney <br> Carrie S. Bryant (P60100) <br> Assistant Corporation Counsel <br> Attorneys for Defendants <br> 500 Griswold, 30th Floor <br> Detroit, Michigan 48226 <br> (313) 224-8719 <br> cyapo@waynecounty.com |

_____/

## THE PARTIES' STIPULATED PROTECTIVE ORDER

At a session of said Court,
held in Port Huron, Michigan

On: December 1, 2017
PRESENT: Honorable Robert H. Cleland
UNITED STATES DISTRICT JUDGE

HAVING BEEN DULY ADVISED by the parties in the above-captioned

1

litigation that they have stipulated to entry of this Stipulated Protective Order, and otherwise being fully advised in the premises and, therefore,

**IT IS HEREBY ORDERED**:

1.  Any category of documents, information and/or things identified as being produced subject to this Order, the documents, information and/or things, and their content shall not be disclosed beyond the confines of this lawsuit.

2.  All such documents, information and/or things identified in Paragraph 1 above, deemed "Confidential," as defined below, shall be marked "Confidential – Produced Pursuant to Protective Order," and shall be used by counsel only in connection with this action and shall not be provided, disclosed or made known to any person by counsel except Plaintiff, Defendants, paralegal and secretarial employees of Plaintiff's counsel or Defendants' counsel, deposition and trial witnesses, experts, persons directly involved in the preparation of trial witnesses and experts, and other persons directly involved in the preparation or trial of this action, including a mediator, facilitator or court reporter. Prior to disclosing such documents during deposition, at any pretrial proceedings, at trial or to expert witnesses, non-expert witnesses or to other persons directly involved in the preparation or trial of this action, counsel shall have such person review this Order and such person shall be advised of the obligation to honor the confidentiality designation and must agree to do so.

3. As used herein, "Confidential" means information, documents or things that, after a good faith determination, the designating party deems to constitute confidential personal information, personnel record, medical record, financial record, discipline record, investigation record, business record, and other confidential information ("other confidential information" means that the information would be exempt from production by law, such as a FOIA exemption, etc.). "Confidential" shall also mean information, documents, or things disclosed, produced, or submitted by Defendants relating to employees or former employees of Wayne County, other than Plaintiff. "Confidential" shall also mean information, documents, or things disclosed, produced, or submitted by Defendants relating to inmates or former inmates of a Wayne County Jail or relating to the operation, policies or procedures of any Wayne County Jail. All documents and any other information subject to this Order shall not be used by Plaintiff, Plaintiff's counsel, the Defendants or Defendants' counsel for any business, competitive, personal, private or public purpose, and shall not be disclosed to the media.

4. In the event that a document is produced without the designation "Confidential – Produced Pursuant to Protective Order" and it is later determined, in good faith, that such a designation should have appeared on the document, the producing party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the receiving party in writing of the addition of a

restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the document is to be governed.

5. Nothing in this Order shall preclude, or be construed to preclude, the parties from using and quoting Confidential information or documents in depositions, pleadings, or at pretrial or at trial proceedings of this cause, provided, however, that any pleading or other document disclosing the contents of documents subject to this Order, other than the title or fact of existence of such documents, which may be submitted to the Court whether in the form of interrogatory answers, document production, requests for admissions, depositions, deposition notices or transcripts, motions, affidavits, briefs or other documents or pretrial proceedings, shall be presented or submitted to the Court in accordance with Paragraph 6.

6. Filing Protected Documents. Subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial, any court hearing, or any pretrial proceedings subject to such protective measures as may be directed by this Court, including strict compliance with E.D. Mich. L.R. 5.3. At a minimum, identifying information of a highly personal nature such as social security numbers, personal addresses, and personal telephone numbers unrelated to this action, shall be redacted or removed and not disclosed prior to filing materials protected by this Order (including as an attachment or exhibit), or offering such materials in evidence.

This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file documents under seal when not authorized by statute or rule must either file and serve a motion or submit a proposed stipulated order to authorize sealing that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the judge to whom the case is assigned. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

7. Parties agree that they will not seek to use the documents marked "Confidential – Produced Pursuant to Protective Order" at trial, but will permit the producing party to substitute clean copies for the marked copies.

8. Nothing contained herein shall be construed to prevent, limit or restrict the use of Confidential Documents protected by this Order in the ordinary course of

business by persons who maintain, use, rely upon, and/or who otherwise have an interest in reviewing or accessing such documents and information, notwithstanding the designation by any party or counsel in this lawsuit of such documents and information as "Confidential."

9. Nothing contained herein shall be construed to preclude the right of the parties to oppose the admissibility of any of the documents produced on the grounds of lack of relevance, privilege, or any other reason.

10. If at any time a party and/or its/his counsel receives a subpoena from any court, administrative or legislative body requesting, or is requested by any other person or entity purporting to have authority to require the production of, any document or information protected by this Stipulated Protective Order, counsel for the party to whom such a request is made shall immediately give written notice thereof to opposing counsel, so as to advise him/her of the need to promptly obtain a protective order or a notice to quash the subpoena should the party wish to avoid production. Counsel for the party to whom such a request is directed shall advise the person serving the request of the existence and contents of the Stipulated Protective Order prior to producing Confidential documents.

11. The inadvertent production of any attorney-client privileged and/or joint defense privileged and/or work product protected document shall not constitute waiver of the privilege or protection, and shall not constitute a general waiver of

such privilege or protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is attorney-client privileged and/or joint defense privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a motion to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

12. Any party may challenge the designation of any information or documents as being "Confidential" by notifying the opposing party in writing of the challenge and the factual and legal basis of the challenge. After written notification is provided to the opposing party, the parties shall attempt to resolve the dispute. In the event the parties are unable to resolve the dispute regarding the challenge within ten (10) days after written notification, the information shall be subject to this Order only for an additional period of ten (10) days during which time the party who designated the information "Confidential" may file a motion seeking a resolution of the challenge. Upon filing of a motion, the parties shall treat the information as subject to this Order until the matter is resolved by the Court or otherwise. It shall be the burden of the party designating the information, testimony or documents as "Confidential" to demonstrate

why, both factually and legally, the "Confidential" designation should be upheld in the event of a challenge. In the event that no motion is filed, as provided for above, the information will no longer be subject to this Order.

13. The terms of this Order shall survive and remain in effect after the termination of this action. This Order is subject to modification at any time upon further stipulation of the parties or pursuant to an order of this Court.

14. Procedure Upon Termination of This Action: Upon termination, either by final judgment after appeal, if any, or by settlement of this litigation, counsel shall return to the producing party (upon request), within thirty (30) business days of receipt of a written request, all materials and information protected by this Order, and shall certify in writing that such materials, including all copies, have been returned. If the producing party does not request the return of Confidential documents, Counsel shall destroy such Confidential documents and any and all extracts, summaries, and analyses of the information or materials protected by this Order and shall certify in writing to the producing party's counsel that such materials, including all copies, have been destroyed or will be destroyed pursuant to the law firm/business entity's document retention policy/procedures. This paragraph shall not require Defendants to destroy any documents maintained in the ordinary

15. course of business or is required to maintain pursuant to law.

SO ORDERED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 1, 2017, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

WE STIPULATE TO THE ENTRY
OF THE ABOVE ORDER:

/s/<u>Jeffrey S. Burg</u>
Jeffrey S. Burg (P38381)
Attorney for Plaintiff

/s/<u>Carrie S. Bryant</u>
Carrie S. Bryant (P60100)
Attorney for Defendants